The State, ex rel. Clark, *v.* Department of Mental Hygiene and Correction et al.

(No. 5258—Decided June 14, 1955.)

Messrs. *Lyman & Lyman,* for relator.
Mr. *C. William O'Neill,* attorney general, and Mr. *Roger B. Turrell,* for respondents.

Miller, P. J. This is an action in mandamus instituted in this court, wherein the relator is seeking an order requiring

the respondents to restore him to the status of that of a prisoner confined in the Ohio State Reformatory at Mansfield, Ohio, instead of that of an inmate of the Ohio Penitentiary.

The amended petition alleges that the relator was sentenced on January 30, 1953, to the state reformatory on being convicted of armed robbery; that he was duly committed to that institution, and the director thereof fixed the time of his appearance before the Pardon and Parole Commission as January 1955; that on March 10, 1953, he was transferred to the Ohio Penitentiary, where he is now confined; and that the respondents have extended his time for a hearing before the parole board to July 1959.

He alleges further that his sentence to the reformatory was lawful for the reason that he had never been convicted of a felony and that at the time of sentence he had not attained the age of 31 years.

The respondents have filed a demurrer to the amended petition on the ground that it does not state facts sufficient to constitute a cause of action. The relator's claim is based on Section 2965.33 of the Revised Code, which provides:

"Any prisoner sentenced or committed to a penal or reformatory institution may be transferred therefrom to another such institution but he shall continue to be subject to the same conditions as to term of sentence, diminution of sentence, and parole as if confined in the institution to which he was originally sentenced or committed."

It is urged that the extension of time for the hearing before the parole board was in violation of the cited section. Clearly, the claim of the relator is well made, providing the sentence to the reformatory was in accordance with law. If he could not meet the requirements of the statute permitting a sentence to the reformatory, then the sentence thereto was not proper. The law which defines who is eligibile to commitment to the reformatory is found in Section 5143.03, Revised Code, to wit:

"The superintendent of the reformatory shall receive all male criminals between the ages of sixteen and thirty years sentenced to the reformatory, if they are not known to have been previously sentenced to a state prison. Male persons be-

tween the ages of sixteen and twenty-one years convicted of a felony shall be sentenced to the reformatory instead of the penitentiary. Male persons between the ages of twenty-one and thirty years may be sentenced to the reformatory if the court passing sentence deems them amenable to reformatory methods. No male person convicted of murder in the first or second degree shall be sentenced or transferred to the reformatory.''

Does the petition set forth sufficient facts to establish that the relator was eligible for a sentence to the reformatory? It will be noted that it alleges that at the time of sentence ''he had not yet attained the age of thirty-one years.'' Under this allegation he could have been over 30 years of age at the time of sentence, and if so he was not between the ages of 21 and 30, and, therefore, not eligible for a sentence to the reformatory. A person improperly sentenced to the reformatory is subject to a transfer to the penitentiary under Section 5143.09 of the Revised Code, which provides:

''The Department of Mental Hygiene and Correction, with the written consent of the Governor, may transfer to the penitentiary a prisoner, who, subsequent to his commital to the reformatory, shall be shown to have been more than thirty years of age at the time of his conviction or to have been previously convicted of crime. The department may transfer an apparently incorrigible prisoner whose presence in the reformatory appears to be seriously detrimental to the well-being of the reformatory.''

Since it is alleged that the transfer was made, the presumption must follow that it was made regularly in the absence of any showing to the contrary. It is our conclusion that the petition does not allege facts sufficient to establish that the commitment to the reformatory was in conformance with law. If it was not, he is not entitled to the benefits enumerated under Section 2965.33 of the Revised Code. Mandamus does not lie unless it clearly appears that the relator is entitled to the relief sought.

The demurrer is sustained.

*Demurrer sustained.*

HORNBECK and WISEMAN, JJ., concur.