JOHNSON, Petitioner, v. STATE et, Respondents.

Ohio Appeals, Tenth District, Franklin County.

No. 6436.   Decided September 16, 1960.

*Mr. James W. Johnson*, for himself.

*Mr. Mark McElroy*, attorney general, and *Mr. Aubrey Wendt*, assistant attorney general, for respondents.

For further history see *Omnibus Index* in bound volume.

480

DUFFY, J. The petitioner is confined in the Ohio State Penitentiary as a prisoner under what he calls a fraudulent commitment, and the relief sought is that he be given the rights and privileges of persons who are originally sentenced to the Ohio State Reformatory and later transferred to the Ohio Penitentiary. It is alleged that these rights and privileges have been denied him and the reason given for the denial is that his original sentence to the Ohio Reformatory was contrary to law, as a violation of Section 2907.14, Revised Code, permits a sentence to the Ohio Penitentiary only.

It is true that Section 2907.14, Revised Code, does not now contain the word "penitentiary," it having been removed at the time of the recodification of the Code in 1953. However, as provided in Section 1.24, Revised Code, the legislature stated clearly that it was not their intention to enact any new legislation and that the provisions of the Revised Code "shall be construed as restatements of and substituted in a continuing way for applicable existing statutory provisions."

It appears from a review of the file that the trial judge erroneously sentenced the petitioner to the Ohio State Reformatory after a guilty plea to Section 2907.14, Revised Code, and that the Department of Mental Hygiene and Correction under Section 2965.32, Revised Code, determined that the petitioner was not eligible for confinement in the Ohio State Reformatory and transferred him to the Ohio State Penitentiary.

It also appears that Section 2965.33, Revised Code, does not apply to this situation. See *State, ex rel. Clark,* v. *Department of Mental Hygiene and Correction et al,* 100 Ohio App., 445.

Since the law required that he be sentenced to the Ohio State Penitentiary and to no other penal institution, we do not feel that in this action in mandamus he has shown a clear right to the privileges of a person originally sentenced to the reformatory, and his writ of mandamus will be denied.

BRYANT, P. J., concurs.